NICHOLAS WHITE *vs.* ALBAN J. WILSON, Administrator of HANNAH
   WILSON, deceased.

*Entering   Judgment   by   Agreement—Witness   Fees—Witnesses
Summoned   and   in   Attendance—Witnesses   not   Summoned.*

1.   It is a rule (3) of Court that "The fees of witnesses summoned,
and not examined, shall not be taxed in the cause, without special  order,"
etc.

2.   An agreement of counsel whereby a suit is terminated by entering
judgment for a stated sum and costs contemplates and means those costs
that may be ascertained by the Prothonotary from the record of the case.
If counsel means something more, he should state it in the agreement, or
cause it to be included in the record.

3.   Under an agreement of counsel whereby a suit is terminated for
a stated sum and costs, the Court, upon application, directed that the
fees and mileage of the witnesses summoned only and in attendance, be
allowed.

(*June* 3, 1910.)

Del. cases cited: *Marshall vs. Layton*, 2 *Harr.* 344; *West vs.
Shockley*, 4 *Harr.* 287; *Brittingham vs. Collins*, 4 *Harr.* 298; and
*Bacon vs. Matthews*, 5 *Harr.* 385.

Judges CONRAD and WOOLLEY sitting.

*William T. Lynam* for plaintiff.

*Christopher L. Ward* and *John P. Nields* for defendant.

Superior Court, New Castle County, May Term, 1910.

APPLICATION TO TAX COSTS (No. 20, September Term,
1908) when  the  suit  is  terminated by agreement of counsel
by entering judgment for a stated sum and the costs.

WOOLLEY, J., delivering the opinion of the Court:

The parties in this action appeared in Court on the day it was
set for trial and announced its settlement by an agreement that

judgment be entered upon the confession of the defendant and in favor of the plaintiff for the sum of three hundred dollars and costs. After the entry of judgment, counsel for both parties asked that certain of the costs be taxed by the Court, representing that at the timeof the settlement there were present in Court three witnesses summoned on the part of the plaintiff and six witnesses brought by the plaintiff from without the State, but not summoned, all of whom were ready to give evidence material to the issue. The defendant admits in view of the settlement of the case, that the fees and mileage of the three witnesses summoned though not produced, should be taxed, but that the fees and mileage of the six witnesses who, though present, were neither summoned nor produced, should not be taxed, as their presence was not procured by the process of the Court or their testimony given in a trial.

The plaintiff claims that the fees and mileage of those witnesses not summoned though present, should be taxed as well as the fees and mileage of the witnesses summoned, for each alike would have been produced and become entitled to fees and mileage had the case proceeded to trial.

No decision upon the precise point in dispute appears in our reports, while a consideration of the cases in other states shows much confusion. According to a number of decisions, fees for mileage or attendance of witnesses who are not summoned by subpoena, or who cannot lawfully be summoned because living beyond the reach of process, are not taxable in favor of the party at whose request they attend. In a number of decisions, however, it has been held, that the fees of witnesses who attend and testify, that is who are produced, but who have not been summoned, are taxable as costs; while in other cases the rule is broadly stated, without qualification as to the necessity of being sworn and examined, that a party who attends Court in good faith without being summoned, is entitled to have his fees and mileage taxed as costs. (11 *Cyc.* 116).

The early cases in our State reports hold that until a witness is produced and sworn, the materiality of his testimony cannot be known, (*Marshall vs. Layton*, 2 *Harr.* 344; *West vs. Shockley*, 4 *Harr.* 287; *Brittingham vs. Collins*, 4 *Harr.* 298; *Bacon vs.*

*Matthews*, 5 *Harr*. 385), and these cases constitute the authorities upon which is based the Rule of the Superior Court, that "The fees of witnesses summoned, and not examined, shall not be taxed in the cause, without special order. The fees of witnesses unnecessarily called, or whose testimony is unimportant, will be disallowed in the taxation, at the discretion of the Court." (Rule 3).

Although the gist of these decisions and the substance of this rule, go to the materiality of the testimony of witnesses summoned and not examined, or to the importance of the testimony of witnesses summoned and examined, they contemplate witnesses either summoned or produced upon the stand, and if the rule will not permit, without special order, the taxation of fees of witnesses who are summoned and not examined, it would seem, by stronger reason, that as a general rule, the fees of witnesses who were neither summoned nor examined should not be taxed.

We are of opinion that an agreement of counsel whereby a suit is terminated by entering judgment for a stated sum and the costs, contemplates and means those costs that may be ascertained by the Prothonotary from the record of the case. If counsel means something more, he should state it in the agreement or cause it to be included in the record. As the six witnesses whose fees are sought to be taxed in the costs, were present before the judgment was entered, is was possible to have brought them under the subpoena of the Court and thereby have made their fees a part of the costs, to be disclosed by the record. As this was not done, the opposing party had a right to rely upon the record for his information in arriving at terms of settlement.

The Court directs that the fees and mileage of the witnesses summoned and in attendance be allowed and the fees and mileage of those not summoned be disallowed.